Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Plaintiff Kari Bowyer,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re<br><br>VOFO CORPORATION,<br><br>Debtor. | Case No. 24-51594 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond |
|---|---|
| Kari Bowyer, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Xiaofang Deng,<br><br>Defendant. | Adversary Proceeding No. 25-_____ |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
(11 U.S.C. § 547(b))**

Plaintiff Kari Bowyer, Chapter 7 Trustee of the estate of the above Debtor, alleges as follows:

1. Vofo Corporation filed a voluntary Chapter 7 petition on October 19, 2024. Plaintiff Kari Bowyer was appointed Chapter 7 Trustee and continues to serve in that capacity.

2. This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

3. This Adversary Proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), and (O).

4. Venue is proper under 28 U.S.C. § 1409.

5. Plaintiff consents to entry of final orders or final judgments in this Adversary Proceeding.

6. Plaintiff is informed and believes and on that basis alleges that the Defendant is an individual who resides in Cupertino, California. According to the Debtor's filings, the Defendant owns 50 percent of the share in the Debtor and was its Chief Financial Officer. As a result, she is an insider as defined by § 101(31) of the Bankruptcy Code.

7. Plaintiff is informed and believes and on that basis alleges that, beginning in 2022, the Debtor executed a series of promissory notes in favor of the Defendant, copies of which are attached to the Defendant's Proof of Claim filed on October 29, 2024 (Claim No. 1):

(a) The Debtor executed a promissory note in favor of the Defendant in the amount of $9,990 on May 4, 2022.

(b) The Debtor executed a promissory note in favor of the Defendant in the amount of $200,000 on December 20, 2022.

(c) The Debtor executed a promissory note in favor of the Defendant in the amount of $70,000 on June 14, 2023.

(d) The Debtor executed a promissory note in favor of the Defendant in the amount of $150,000 on July 24, 2023.

(e) The Debtor executed a promissory note in favor of the Defendant in the amount of $300,000 on October 31, 2023.

8. The Debtor's records reflect that, within the year before the Debtor filed its voluntary Chapter 7 petition, it made the following payments to the Defendant in the following amounts:

| DATE | AMOUNT |
| --- | --- |
| January 23, 2024 | $8,000 |
| February 23, 2024 | $6,200 |
| February 27, 2024 | $6,000 |
| March 9, 2024 | $10,000 |

| DATE | AMOUNT |
|---|---|
| March 27, 2024 | $21,000 |
| April 8, 2024 | $6,000 |
| June 24, 2024 | $85,000 |
| October 1, 2024 | $20,000 |
| **TOTAL** | **$162,200** |

9. Each payment identified above was made by check and each check was annotated with the words "pay back loan," "pay loan," "return owner loan," or similar language.

10. Plaintiff is informed and believes and on that basis alleges that each of the payments identified in paragraph 8 above was in payment of debt documented in the promissory notes identified in paragraph 7 above.

11. Based on Plaintiff's investigation of the Debtor's financial affairs and its financial transactions with the Defendant and in light of the Defendant's position with the Debtor, Plaintiff did not find evidence to support a meritorious defense under Section 11 U.S.C. § 547(c) to avoidance of the transfers. Through her counsel, Plaintiff communicated with the Defendant by letter dated April 9, 2025, and requested return of the transfers identified in paragraph 8 above. The Defendant responded that the payments were not loan repayments; however, the response is inconsistent with the evidence in Plaintiff's possession and the Debtor's financial records.

**FIRST CLAIM FOR RELIEF**
Avoidance and Recovery of Preferential Transfers
(11 U.S.C. § 547(b))

12. Plaintiff realleges the allegations set forth in paragraphs 1 through 11 above and incorporates them by reference.

13. The transfers identified in paragraph 8 above were transfers of interests of the Debtor in property, were made to or for the benefit of the Defendant who was a creditor of the Debtor and an insider of the Debtor, and were made on account of an antecedent debt owed by the Debtor to the Defendant before the transfers were made.

14. The transfers identified in paragraph 8 above were made while the Debtor was insolvent and within the one year before the Debtor filed its voluntary Chapter 7 petition on October 19, 2024.

15. The transfers identified in paragraph 8 above enabled the Defendant to receive more than she would have received if the case were a case under Chapter 7 of Title 11 of the United States Code, the transfers had not been made, and the Defendant had received payments of the debt owed to her to the extent provided by the provisions of the Bankruptcy Code.

16. Plaintiff made demand on the Plaintiff to return the payments on April 9, 2025; in response, the Defendant asserted that the payments were salary payments.

17. Based on her investigation of the Debtor's financial affairs, and other than the allegation that the transfers were salary payments which Plaintiff believes is contradicted by the documentary evidence and prior admissions of the Defendant, Plaintiff is not aware of any defenses the Defendant may have to avoidance of the transfers.

WHEREFORE Plaintiff requests judgment as set forth below.

**REQUEST FOR JUDGMENT**

Plaintiff requests judgment as follows:

A. On Plaintiff's Claim for Relief, for a judgment avoiding the transfers identified in paragraph 8 above as preferential transfers under 11 U.S.C. § 547(b) and preserving the transfers for the benefit of the estate under 11 U.S.C. § 551.

B. On Plaintiff's Claim for Relief, for a money judgment against the Defendant in the amount of $162,200.

C. For costs of suit.

D. For other relief the Court deems appropriate.

DATED: April 28, 2025        RINCON LAW, LLP

By: */s/Charles P. Maher*
    Charles P. Maher
    Counsel for Plaintiff Kari Bowyer,
    Chapter 7 Trustee